**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303
Facsimile: (760) 929-9260

Attorneys for Plaintiff JOHN DOE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN DOE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SITUSAMC HOLDINGS CORPORATION,

Defendants.

Case No. '26CV1258 RSH DDL

**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**(1) BREACH OF CALIFORNIA CONSUMER PRIVACY ACT, CAL. CIVIL CODE § 1798.150;**

**(2) BREACH OF CALIFORNIA SECURITY NOTIFICATION LAW, CAL. CIVIL CODE § 1798.82;**

**(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*;**

**(4) NEGLIGENCE; and**

**(5) BREACH OF IMPLIED CONTRACT;**

**JURY TRIAL DEMANDED**

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

Plaintiff John Doe (or "Plaintiff"), by and through his attorneys, brings this class action on behalf of himself individually and all others similarly situated, against Defendant SitusAMC Holdings Corporation ("SITUSAMC" or "Defendant"), and alleges upon information and belief as follows:

**INTRODUCTION**

1. This class action arises from the negligent failure of SITUSAMC to properly create, maintain, preserve, and/or store confidential, personal information of Plaintiff[1] and all other persons similarly situated which allowed such unencrypted personal information saved "within its information technology network" to be "access[ed]" and "acquired" or exfiltrated, by at least one "unauthorized third party," between November 13, 2025 and November 21, 2025, resulting in violations of the California Consumer Privacy Act ("CCPA"), Cal. Civil Code section 1798.150, and the Cal. Business and Professions Code sections 17200, *et seq*. Under the CCPA, Plaintiff, and all other persons similarly situated, have the right to expect that the confidentiality of their personal information in possession of SITUSAMC to be reasonably preserved and protected from unauthorized access and exfiltration, theft, or disclosure. In fact, subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia*

---

[1] The Ninth Circuit permits the use of pseudonyms in cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1086 (9th Cir. 2000). Here, a pseudonym has been used in place of the real name of Plaintiff because at all times relevant to this action, Plaintiff's personal information was subject to unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's statutory violations and Plaintiff has individual privacy concerns and a reasonable fear of harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case. Additionally, the real name of Plaintiff is not unknown to Defendant because prior to the filing of this complaint, Plaintiff's counsel sent a pre-filing CCPA notice letter to Defendant's registered service agent on February 26, 2026, which discloses the real name of Plaintiff.

that, "It is the intent of the Legislature to ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information." Additionally, paragraph (1) of subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, [] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action …."

2. As alleged more fully below, SITUSAMC negligently created, maintained, preserved, and stored Plaintiff's and the Class's (defined *infra*) personal information, in SITUSAMC's possession, in a nonencrypted and a nonredacted manner prior to and between November 13, 2025 and November 21, 2025, allowing such nonencrypted and nonredacted personal information to be "access[ed]" and "acquired" or exfiltrated, by at least one "unauthorized third party," without Plaintiff's and the Class Members' prior consent, due to SITUSAMC's failure to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the confidentiality of the personal information in its possession, including failing to implement adequate and reasonable security controls and user authorization and authentication processes, failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Section

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

1798.81.5 of the Cal. Civil Code,[2] and failing to properly and adequately educate and train its employees. In fact, SITUSAMC's notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," sent to Plaintiff and other persons similarly situated, stated in part, "We are writing to notify you of a recent incident that may have impacted your personal information. SitusAMC Holdings Corporation ("SitusAMC") and/or its subsidiaries and affiliates work with various financial institutions to provide certain mortgage-related services that may involve borrower information and, in some cases, non-borrower information in connection with mortgage transactions. This letter explains the circumstances as we understand them and the resources we are making available to you," and informing Plaintiff, in part, of "**What Happened?** On or about November 12, 2025, SitusAMC became aware of unauthorized access to certain systems within its information technology network. Upon becoming aware of the

Keegan & Baker, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

---

[2] "Personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code means either of the following: "An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted:

(i) Social security number.

(ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.

(iii) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Medical information.

(v) Health insurance information.

(vi) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(vii) Genetic data."

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

incident, SitusAMC commenced an investigation with the assistance of third-party experts, notified certain law enforcement and governmental authorities, and began taking measures to assess and contain the incident. [¶] The investigation has determined that an unauthorized third party acquired data from certain SitusAMC systems between November 13-21, 2025. As part of the review of the impacted data, SitusAMC identified that some of your personal information may have been involved. [¶] **What Information Was Involved?** Based on our investigation, the personal information involved may have included your name, address, date of birth, Social Security number, driver's license number or other government-issued identifier, and/or financial account information (such as bank account number or credit or debit card number). Not all data elements were involved for each individual. [¶] **What We Are Doing.** Upon learning of the incident, we commenced an investigation into the nature and scope of the incident and notified law enforcement. We also took measures to further harden and enhance our security. [¶] **What You Can Do.** We recommend that you remain vigilant for fraud and identity theft. To help address concerns you may have about this incident, we are offering identity theft protection services through IDX, the data breach and recovery services expert." An exemplar of SITUSAMC's notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. Additionally, SITUSAMC's substantially similar notice letter, dated January 28, 2026, entitled "**Notice of Data Breach**," signed "SitusAMC," sent to other persons similarly situated, that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit B**.

3. Because Plaintiff alleges that SITUSAMC breached its duty to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

access and exfiltration, and ensure the confidentiality of the personal information in its possession, Plaintiff, individually and on behalf of all others similarly situated, seeks damages from Defendant for negligence and breach of implied-in-fact contract. Because Plaintiff also alleges that the nonencrypted and nonredacted personal information of Plaintiff and the Class was subject to unauthorized access and was "acquired" or exfiltrated by at least one unauthorized third party in violation of Cal. Civil Code section 1798.150(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant injunctive relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Civil Code section 1798.82(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Business & Professions Code sections 17200, *et seq*., Plaintiff, individually and on behalf of others similarly situated, seeks injunctive relief from Defendant under Cal. Business and Professions Code section 17203.

4. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of

interest and costs, there are more than 100 members in the proposed class and at least one other Class Member is a citizen of a state different from Defendant.

6. Defendant routinely conducts business in the State where this Judicial District is located, have sufficient minimum contacts in this State and have intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this Judicial District, and Defendant does business in this Judicial District.

## PARTIES

### A. PLAINTIFF

8. Plaintiff John Doe is and was at all times relevant to this action a resident of the State of California and citizen of the State of California. Additionally, Plaintiff received SITUSAMC's notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," sent to Plaintiff and all other persons similarly situated, stating in part, stated in part, "We are writing to notify you of a recent incident that may have impacted your personal information. SitusAMC Holdings Corporation ("SitusAMC") and/or its subsidiaries and affiliates work with various financial institutions to provide certain mortgage-related services that may involve borrower information and, in some cases, non-borrower information in connection with mortgage transactions. This letter explains the circumstances as we understand them and the resources we are making available to you," and informing Plaintiff, in part, of "**What Happened?** On or about November 12, 2025, SitusAMC became aware of unauthorized access to certain systems within its information technology network. Upon becoming aware of the incident, SitusAMC commenced an investigation with the assistance of third-party experts, notified certain law enforcement and

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

governmental authorities, and began taking measures to assess and contain the incident. [¶] The investigation has determined that an unauthorized third party acquired data from certain SitusAMC systems between November 13-21, 2025. As part of the review of the impacted data, SitusAMC identified that some of your personal information may have been involved. [¶] **What Information Was Involved?** Based on our investigation, the personal information involved may have included your name, address, date of birth, Social Security number, driver's license number or other government-issued identifier, and/or financial account information (such as bank account number or credit or debit card number). Not all data elements were involved for each individual. [¶] **What We Are Doing.** Upon learning of the incident, we commenced an investigation into the nature and scope of the incident and notified law enforcement. We also took measures to further harden and enhance our security. [¶] **What You Can Do.** We recommend that you remain vigilant for fraud and identity theft. To help address concerns you may have about this incident, we are offering identity theft protection services through IDX, the data breach and recovery services expert." An exemplar of SITUSAMC's notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. As a result and because SITUSAMC's "investigation has determined that an unauthorized third party acquired data from certain SitusAMC systems between November 13-21, 2025," Plaintiff reasonably fears that that the unauthorized "access" and "acqui[sition] or exfiltration of his personal information created, maintained, preserved and/or stored on "certain systems within [SITUSAMC's] information technology network" because SITUSAMC's "investigation has determined that an unauthorized third party acquired data from certain SitusAMC systems between November 13-21, 2025," could subject him to harassment or abuse.

**B. DEFENDANT**

9. Defendant SitusAMC Holdings Corporation ("SITUSAMC") is a Delaware corporation with a principal address located at 5065 Westheimer Rd., Suite 700e Houston, TX 77056, that is registered to do business and does business in the State of California. SITUSAMC represents that the company works with various financial institutions to provide certain mortgage-related services that may involve borrower information and, in some cases, non-borrower information in connection with mortgage transactions. At all times relevant to this action, SITUSAMC received, created, maintained, preserved, and stored personally identifying information, as those terms are defined and set forth in the CCPA, including the names, addresses, government ID numbers (including Social Security Numbers), and dates of birth, of Plaintiff and the Class (defined *infra*), and is subject to the requirements and mandates of the CCPA. On or about February 12, 2026, SITUSAMC stated on its website that "**UPDATE** *February 12, 2026*, We are providing an update as we work to conclude our data review and notification process. We are working diligently with our team of data review experts and with our customers to complete the notifications process on an expedited basis. SitusAMC has worked to identify consumer personally identifiable information (PII) and/or sensitive confidential information that may have been involved in this incident. This data review is in its final stages and nearing completion. As the data review concludes ahead of schedule, consumer notifications will be mailed over the next several weeks, consistent with our customers' various regulatory notification obligations under state and federal law." On or about February 20, 2026, SITUSAMC caused notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. On or about January 28, 2026, SITUSAMC caused

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

substantially similar notice letter, dated January 28, 2026, entitled "**Notice of Data Breach**," signed "SitusAMC," an exemplar of which is attached hereto as **Exhibit B**, to be submitted to the Attorney General of the State of California. At all times relevant to this action, SITUSAMC was and is a business that conducts business in California, was and is a "business" within the meaning of Cal. Civil Code section 1798.80(a), owns or licenses computerized data which includes Plaintiff's and the Class's personal information, within the meaning of Cal. Civil Code section 1798.82(h), and collected Plaintiff's and the Class's personal information within the meaning of Cal. Civil Code section 1798.81.5(d)(1).

10. SITUSAMC states in its Privacy Notice for California Residents that the personal information it collects includes Personal information categories listed in the California Customer Records statute (Cal. Civ. Code § 1798.80(e)).

## FACTUAL ALLEGATIONS

11. At all times relevant to this action, including the period prior to and on November 12, 2025, SITUSAMC created, maintained, preserved, and stored records of the names, addresses, and government ID numbers (including Social Security Numbers), and dates of birth and financial account information (such as bank account number or credit or debit card number), of Plaintiff and the Class (which constitutes personal information as that term is defined and set forth in the CCPA), that Plaintiff and other Class Members received from various financial institutions, on its computer network or data "systems."

12. Notwithstanding its duties under the CCPA, on or about February 20, 2026, SITUSAMC caused notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. In such letter that Plaintiff received, SITUSAMC stated in part, "We are writing to notify you of a recent incident that may have impacted your personal information.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

SitusAMC Holdings Corporation ("SitusAMC") and/or its subsidiaries and affiliates work with various financial institutions to provide certain mortgage-related services that may involve borrower information and, in some cases, non-borrower information in connection with mortgage transactions. This letter explains the circumstances as we understand them and the resources we are making available to you," and informing Plaintiff, in part, of "**What Happened?** On or about November 12, 2025, SitusAMC became aware of unauthorized access to certain systems within its information technology network. Upon becoming aware of the incident, SitusAMC commenced an investigation with the assistance of third-party experts, notified certain law enforcement and governmental authorities, and began taking measures to assess and contain the incident. [¶] The investigation has determined that an unauthorized third party acquired data from certain SitusAMC systems between November 13-21, 2025. As part of the review of the impacted data, SitusAMC identified that some of your personal information may have been involved. [¶] **What Information Was Involved?** Based on our investigation, the personal information involved may have included your name, address, date of birth, Social Security number, driver's license number or other government-issued identifier, and/or financial account information (such as bank account number or credit or debit card number). Not all data elements were involved for each individual. [¶] **What We Are Doing.** Upon learning of the incident, we commenced an investigation into the nature and scope of the incident and notified law enforcement. We also took measures to further harden and enhance our security. [¶] **What You Can Do.** We recommend that you remain vigilant for fraud and identity theft. To help address concerns you may have about this incident, we are offering identity theft protection services through IDX, the data breach and recovery services expert."

13. Based upon SITUSAMC's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times

relevant to this action, including the period prior to and on November 12, 2025, SITUSAMC created, maintained, preserved, and stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on its computer network or data "servers," i.e. "one of our MOVEit Transfer servers."

14. Based upon SITUSAMC's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times relevant to this action, "an unauthorized third party acquired data from certain SitusAMC systems within its information technology network" between November 13-21, 2025 containing Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), as determined by SITUSAMC's investigation. Therefore, based upon SITUSAMC's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times relevant to this action, Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on SitusAMC's "information technology network," as determined by SITUSAMC's investigation, in an nonencrypted and nonredacted format, was subject to an unauthorized "access" and was "acquired" in violation of Cal. Civil Code section 1798.150.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

15. While SITUSAMC had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," from unauthorized access and exfiltration, SITUSAMC neglected to adequately implement data security measures as required by the CCPA, despite its obligation to do so.

16. Additionally, the risk of vulnerabilities in SITUSAMC's computer and data servers of being exploited by an unauthorized third party trying to steal Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), was foreseeable and/or known to SITUSAMC or should have been known by SITUSAMC. The California Data Breach Report 2012-2015, issued in February 2016 by Attorney General, Kamala D. Harris, reported, "Malware and hacking presents the greatest threat, both in the number of breaches and the number of records breached" and "Social Security numbers and medical information – was breached [more] than other data types." Moreover, as the Attorney General further reported, just because "[e]xternal adversaries cause most data breaches, [] this does not mean that organizations are solely victims; they are also stewards of the data they collect and maintain. People entrust businesses and other organizations with their data on the understanding that the organizations have a both an ethical and a legal obligation to protect it from unauthorized

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

access. Neglecting to secure systems and data opens a gateway for attackers, who take advantage of uncontrolled vulnerabilities." Regarding encryption, the Attorney General instructed in California Data Breach Report 2012-2015, "As we have said in the past, breaches of this type are preventable. Affordable solutions are widely available: strong full-disk encryption on portable devices and desktop computers when not in use.[] Even small businesses that lack full time information security and IT staff can do this. They owe it to their patients, customers, and employees to do it now."

17. Further, it was also foreseeable and/or known to SITUSAMC or should have been known by SITUSAMC that negligently creating, maintaining, preserving, and/or storing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research. In 2014, 67 percent of breach victims in the U.S. were also victims of fraud, compared to just 25 percent of all consumers."

18. At all times relevant to this action, including the period prior to and between November 13, 2025 and November 21, 2025, SITUSAMC negligently created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class's personal information in their possession against unauthorized "access" and exfiltration, theft, or disclosure, including but not limited to, by failing to take adequate and reasonable measures to ensure SitusAMC's "information technology network" were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), by failing to properly and adequately educate and train its employees in regard to phishing scams,[3] and by failing to implement and

---

[3] To be successful, phishing relies on a series of affirmative acts by a company and its employees such as clicking a link, downloading a file, or providing sensitive information. Once criminals gained access to the email accounts of a company and its employees, the email servers communicated—that is, disclosed—the contents of those accounts to the criminals. "Phishing scams are one of the most common ways hackers gain access to sensitive or confidential information. Phishing involves sending fraudulent emails that appear to be from a reputable company, with the goal of deceiving recipients into either clicking on a malicious link or downloading an infected attachment, usually to steal financial or confidential information." (https://www.varonis.com/blog/data-breach-statistics/, last accessed August 30, 2023). According to September 2020 guidance from CISA, organizations storing sensitive personally identifiable data should "[i]mplement a cybersecurity user awareness and training program that includes guidance on how to identify and report suspicious activity" and conduct



KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to their written representations to Plaintiff and the Class.

19. Specifically, SITUSAMC made written representations that SITUSAMC would preserve confidentiality of consumers' personal information on SITUSAMC's website, which heavily advertises itself as a secure host of personal information. Beyond general statements of data security policy, SITUSAMC makes numerous other promises regarding the importance of security and the tools they use to protect consumers' personal information.

20. SITUSAMC's above described written statements about its data privacy policies and practices in place between November 13, 2025 and November 21, 2025 are false and/or misleading and/or contained omissions of material fact. Prior to or between November 13, 2025 and November 21, 2025, SITUSAMC created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), in an nonencrypted and nonredacted format on SitusAMC's "information technology network." If SITUSAMC had been using the countless penetration tests, audits, firewalls, third-party stress tests, and encryption tools it advertised to protect the personal information that SITUSAMC created, maintained, preserved, and/or stored on SitusAMC's "information technology network," SITUSAMC would

---

"organization-wide phishing tests to gauge user awareness and reinforce the importance of identifying potentially malicious emails." (https://www.cisa.gov/sites/default/files/publications/CISA_MS-ISAC_Ransomware%20Guide_S508C.pdf, p. 5, last accessed August 30, 2023).



KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

have eliminated the Data Breach. However, SITUSAMC instead notified Plaintiff and the Class that "an unauthorized third party acquired data from certain SitusAMC systems within its information technology network" between November 13-21, 2025 containing the Plaintiff's and the Class's unencrypted and unredacted personal information.

21. Additionally, pursuant to Cal. Civil Code section 1798.100(e), SITUSAMC, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code. Based upon SITUSAMC's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that SITUSAMC failed to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

22. Additionally, pursuant to Cal. Civil Code section 1798.100(a)(3), SITUSAMC, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose. Based upon SITUSAMC's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that SITUSAMC retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary.

23. Had Defendant and/or its employees (presently unknown to Plaintiff)

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

taken the above described appropriate preventive actions, fix the deficiencies in SitusAMC's "information technology network," encrypted Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," and adopted security measures as required by the CCPA prior to and between November 13, 2025 and November 21, 2025, SITUSAMC could have prevented Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," from unauthorized access and exfiltration, theft, or disclosure by at least one unauthorized third party between November 13, 2025 and November 21, 2025.

24. California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, pursuant to Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been,

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General on or about February 20, 2026, SITUSAMC caused notice letter, dated February 20, 2026, entitled "Notice of Data Breach," signed "SitusAMC," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. On or about January 28, 2026, SITUSAMC caused notice letter, dated January 28, 2026, entitled "Notice of Data Breach," signed "SitusAMC," an exemplar of which is attached hereto as **Exhibit B**, to be submitted to the Attorney General of the State of California. Because SITUSAMC submitted its Notice of Data Breach form letters, attached hereto as **Exhibit A** and **Exhibit B**, to the Attorney General of the State of California, SITUSAMC has determined and has conceded that Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. As a result, SITUSAMC was negligent for failing to encrypt or adequately encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network," between November 13, 2025 and November 21, 2025.

25. To date, other than "recommend[ing] that you [i.e. Plaintiff and members of the Class] remain vigilant for fraud and identity theft" and "offering identity theft protection services through IDX," SITUSAMC has not offered any monetary compensation for unauthorized access and exfiltration of Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network." In effect, SITUSAMC is shirking its responsibility for the harm SITUSAMC has caused, while shifting the burdens and costs of its wrongful conduct onto Plaintiff and the Class.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> Class: All persons to whom SitusAMC Holdings Corporation sent a Notice of Data Breach letter, dated on or about February 20, 2026, an exemplar of which is attached hereto as **Exhibit A**, and/or a Notice of Data Breach letter, dated on or about January 28, 2026, an exemplar of which is attached hereto as **Exhibit B**.

The officers and directors of SITUSAMC are excluded from the Class. The

officers and directors of any "affiliate," "principal" and "subsidiary" of SITUSAMC, as defined in the Corporations Code sections 150, 175, and 189, respectively, are also excluded from the Class. The employees of SITUSAMC who negligently created, maintained, preserved, and/or stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on SitusAMC's "information technology network" are also excluded from the Class. Plaintiff reserves the right to amend or modify the Class definition with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery by Plaintiff during his future investigations.

27. This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the Class Members is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of SITUSAMC and its agents, and the Class is defined in objective terms that make the eventual identification of Class Members possible and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

28. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

29. Common questions of law and fact exist as to all members of the Class and the Class predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class Members, including the following:

a) Whether Defendant created, maintained, preserved and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), in a nonencrypted and nonredacted format on SitusAMC's "information technology network," prior to and between November 13, 2025 and November 21, 2025;

b) Whether Defendant implemented and maintained reasonable security procedures and practices to protect from access and exfiltration, and to ensure the confidentiality of Plaintiff's and the Class's personal information, in electronic form, within SitusAMC's "information technology network," prior to and between November 13, 2025 and November 21, 2025;

c) Whether Plaintiff's and the Class's personal information, in electronic form, within SitusAMC's "information technology network," prior to and between November 13, 2025 and November 21, 2025, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party;

d) Whether Defendant's notice that Plaintiff's and the Class's personal information within SitusAMC's "information technology network,"

prior to and between November 13, 2025 and November 21, 2025 was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount information required by statute;

e) Whether the timing of Defendant's notice that Plaintiff's and the Class's personal information within SitusAMC's "information technology network," prior to and between November 13, 2025 and November 21, 2025 was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, was given in the most expedient time possible and without reasonable delay required by statute;

f) Whether Defendant's conduct constitute unlawful, unfair or fraudulent practices in violation of Business and Professions Code sections 17200, *et seq*.; and

g) Whether Plaintiff and the Class are entitled to actual damages, and/or statutory damages, and/or injunctive relief.

30. Plaintiff's claims are typical of those of the other Class Members because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffer from the same violations of the law as other Class Members.

31. Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

32. The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a) If each member of the Class were required to file an individual lawsuit, SITUSAMC would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

b) The costs of individual suits could unreasonably consume the amounts that would be recovered;

c) Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d) Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e) SITUSAMC has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f) The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendant and who have been given notice of the Data Breach.

35. Plaintiff and the Class have suffered irreparable harm and damages because of Defendant's wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will continue to be damaged and to suffer by the unauthorized disclosure and/or release of their personal identifying information, thereby allowing these violations of law to proceed without remedy.

36. Moreover, Plaintiff's and the Class's individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Breach of California Consumer Privacy Act**
**Cal. Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Class Against Defendant)**

37. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

38. Pursuant to Cal. Civil Code section 1798.150(a)(1), "[a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, … is

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action ...."

39. Defendant is organized for the profit or financial benefit of their owners and collects Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5(d)(1)(a).

40. Defendant violated paragraph (1) of subdivision (a) of section 1798.150 of the Cal. Civil Code of the California Consumer Privacy Act ("CCPA") by allowing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), in a nonencrypted and nonredacted format on SitusAMC's "information technology network," between November 13, 2025 and November 21, 2025 to be subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's violation of its duty to implement and maintain reasonable security procedures and practices appropriate to protect Plaintiff's and the Class's personal information.

41. Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), in a nonencrypted and nonredacted format on SitusAMC's "information technology network," between November 13, 2025 and November 21, 2025 was subjected to unauthorized

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

access and exfiltration, theft, or disclosure as a direct and proximate result of Defendant's violation of its duty under the CCPA.

42. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to safeguard "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), in a nonencrypted and a nonredacted format on SitusAMC's "information technology network," between November 13, 2025 and November 21, 2025 from unauthorized access and exfiltration, and that such risk of access and exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), such as encrypting Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 so in the event of unauthorized access and "download" or exfiltration of Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 could not be read by an unauthorized third party. As a result of Defendant's failure to implement reasonable security procedures and practices, Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5 was subject to an unauthorized access and exfiltration, theft, or disclosure.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

43. As a direct and proximate result of Defendant's violation of its duty under the CCPA, Plaintiff and the Class seek injunctive or declaratory relief from Defendant pursuant to Cal. Civil Code section 1798.150(a)(1)(B) to ensure that Defendant hereinafter adequately safeguard Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 by implementing reasonable security procedures and practices. This relief is important because Defendant still possesses Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5. Plaintiff and the Class have an interest in ensuring that their "personal information" as defined by Cal. Civil Code section 1798.81.5 is reasonably protected in the future.

44. On February 26, 2026, Plaintiff's counsel sent a CCPA notice letter to Defendant's registered service agent, and if within the 30 days of delivery of such CCPA notice letter, Defendant does not actually cure the noticed violation and provide Plaintiff with an express written statement that the violations have been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under these facts and circumstances), Plaintiff and the Class shall seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident pursuant to Cal. Civil Code section 1798.150(b) from Defendant.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

## SECOND CLAIM FOR RELIEF

**Breach of California Security Notification Laws**
**Cal. Civil Code § 1798.82**
**(On Behalf of Plaintiff and the Class Against Defendant)**

45. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

46. Pursuant to Cal. Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of

the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable."

47. Cal. Civil Code section 1798.82 further provides, "(h) For purposes of this section, 'personal information' means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted: (1) Social security number."

48. Defendant conducts business in California and owns or licenses computerized data which includes the personal information, within the meaning of Cal. Civil Code section 1798.82(h), of Plaintiff and the Class.

49. Thus, Plaintiff and the Class have been injured by fact that Defendant did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized person within 30 days or within the most expedient time possible and without reasonable delay in violation of Cal. Civil Code section 1798.82(a). Specifically, Defendant waited more than 30 days before *beginning* to inform Plaintiff and the Class of this Data Breach by mailing "Notice of Data breach" letters. Given the example of the Legislature finding that a delay of 21 days to be "late notice" under the statute, Defendant's delay of more than 30 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice in

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

violation of Cal. Civil Code section 1798.82(a).[4] Moreover, Defendant's "Notice of Data breach" letters failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of Cal. Civil Code section 1798.82(d)(2)(D). Defendant's delays of more than 30 days providing all of the information required by Cal. Civil Code section 1798.82(d) and in the most expedient time possible and without reasonable delay as required by Cal. Civil Code section 1798.82(a), have prevented Plaintiff and the Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use and/or identify theft.

50. Plaintiff and the Class seek recovery of their damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e) from Defendant.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

## THIRD CLAIM FOR RELIEF

**Unlawful, Unfair and Fraudulent Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*.**
**(On Behalf of Plaintiff and the Class Against Defendant)**

51. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

52. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendant as alleged herein constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

53. By the aforementioned business acts or practices, Defendant has engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Cal. Cal. Civil Code sections 1798.82, 1798.100, and 1798.150. Plaintiff reserves the right to allege other violations of

---

[4] Similarly, Defendant's delay of more than 30 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice under Cal. Civil Code section 1798.82(a), as amended in 2026.

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

law committed by Defendant which constitute unlawful acts or practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

54. By the aforementioned business acts or practices, Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's failure to maintain adequate information security policies, procedures and practices, including but not limited to, failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, failing to put into place reasonable or adequate computer systems and security practices to safeguard personal information including access restrictions and encryption, failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the personal information of Plaintiff and the Class in their possession, and failing to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Plaintiff and the Class.

55. By the aforementioned business acts or practices, Defendant has also engaged in "fraudulent" business acts or practices by making statements of its information security policies, procedures, and practices that were false and/or misleading and/or contained omissions of material fact, as set forth more fully above.

56. Plaintiff and the Class have suffered an injury in fact by acquiring less in their transactions with Defendant than they otherwise would have if Defendant would had adequately protected the confidentiality of their personal information.

57. The aforementioned unlawful, unfair and fraudulent business acts or practices conducted by Defendant has been committed in the past and continues

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession.

58. Because of Defendant's aforementioned conduct, Plaintiff and the Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendant is likely to continue to injure Plaintiff and the Class.

59. Pursuant to Business & Professions Code section 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to correct its illegal conduct that is necessary and proper to prevent Defendant from repeating its illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Class in Defendant's possession that has already been subject to unauthorized access and "acquired" by at least one unauthorized third party as a result of Defendant's aforementioned conduct. Pursuant to Business & Professions Code section 17203, Plaintiff and the Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to publicly issue comprehensive corrective notices and to correct or enact adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in its possession.

60. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code of Civil Procedure section 1021.5 and other applicable law.

## FOURTH CLAIM FOR RELIEF
**Negligence**
**(On Behalf of Plaintiff and the Class Against Defendant)**

61. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

62. Defendant collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Defendant collects and stores personal information for its own monetary gain.

63. Pursuant to Cal. Civil Code section 1798.100(e), Defendant, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

64. Pursuant to Cal. Civil Code section 1798.100(a)(3), Defendant, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose.

65. Defendant breached its duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code in numerous ways, including but not limited to, by failing to take adequate and reasonable measures to ensure SitusAMC's "information technology network" were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), by retaining and storing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) and/or financial account information (such as bank account number or credit or debit card number), on SitusAMC's "information technology network" for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees in regards to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to Defendant's written representations to Plaintiff and the Class in its Privacy Notice, its Privacy Principles, and its Privacy Notice for California Residents and on its website.

66. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code in a nonencrypted and a nonredacted format on SitusAMC's "information technology network," between November 13, 2025 and November 21, 2025 from unauthorized access and exfiltration, and that such risk of access and exfiltration was more likely than not.

67. As a result of Defendant's failure to implement reasonable security procedures and practices, the personal information of Plaintiff and Class

Members saved in a nonencrypted and a nonredacted format on SitusAMC's "information technology network," between November 13, 2025 and November 21, 2025, was subject to unauthorized or illegal access, exfiltration, theft, or disclosure.

68. Plaintiff and Class Members' personal information would not have been subject to unauthorized or illegal access, exfiltration, theft, or disclosure but for Defendant's wrongful and negligent breach of its duties to implement reasonable security procedures and practices.

69. Defendant's failure to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized or illegal access, exfiltration, theft, or disclosure by at least one unauthorized third party.

70. Defendant's aforementioned violations of the above described statutes create as presumption of negligence as each was enacted to protect a class of persons of which Plaintiff is a member against the type of harm that Plaintiff and Class Members suffered as a result of Defendant's aforementioned violations of the above described statutes.

71. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and Class Members have and will suffer damages as alleged herein, in amounts according to proof at trial.

72. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

## FIFTH CLAIM FOR RELIEF
**Breach of Implied-in-Fact Contract**
**(On Behalf of Plaintiff and the Class Against Defendant)**

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

73. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

74. Defendant contracts with pension plans, insurance companies, financial institutions, government entities, and benefit plan sponsors, and collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Thus, Defendant collects and stores personal information for its own monetary gain.

75. Pursuant to Cal. Civil Code section 1798.100(d), Defendant, as a business that collects a consumer's personal information and that sells that personal information to, or shares it with, a third party or that discloses it to a service provider or contractor for a business purpose, had an obligation to enter into an agreement or contract with the third party, service provider, or contractor, that: (1) Specifies that the personal information is sold or disclosed by the business only for limited and specified purposes. (2) Obligates the third party, service provider, or contractor to comply with applicable obligations under this title and obligate those persons to provide the same level of privacy protection as is required by this title. (3) Grants the business rights to take reasonable and appropriate steps to help ensure that the third party, service provider, or contractor uses the personal information transferred in a manner consistent with the business' obligations under this title. (4) Requires the third party, service provider, or contractor to notify the business if it makes a determination that it can no longer meet its obligations under this title. (5) Grants the business the right, upon notice, including under paragraph (4), to take reasonable and appropriate steps to stop and remediate unauthorized use of personal information.

76. Defendant, as a business that collects a consumer's personal information, had an obligation to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

77. Additionally, as a part of its contracts with pension plans, insurance companies, financial institutions, government entities, and benefit plan sponsors, and as a result of its conduct in collecting personal information, Defendant agreed to safeguard and protect the personal information its collects, including the personal information of Plaintiff and Class Members, from unauthorized or illegal access, destruction, use, modification, or disclosure, as set forth in its Privacy Notice, its Privacy Notice for California Residents and as published on its website.

78. Implicit its conduct in collecting personal information of Plaintiff and Class Members and its publication of its Privacy Notice, its Privacy Principles, its Privacy Notice for California Residents and its website was the obligation that Defendant would use personal information of Plaintiff and Class Members for approved business purposes only and would not allow unauthorized or illegal access, destruction, use, modification, or disclosure to the personal information or would not allow unauthorized exfiltration or theft of the personal information. Additionally, Defendant promised to retain the personal information of Plaintiff and Class Members only under conditions that kept such information secure and confidential. As a result, Defendant had a duty to reasonably safeguard and protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, disclosure, exfiltration or theft.

79. As a result of Defendant's conduct in collecting personal information of Plaintiff and Class Members, Plaintiff and Class Members entered into implied contracts with Defendant in which Defendant agreed to implement and maintain reasonable security procedures and practices appropriate to the nature of the

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

information to protect the personal information, as set forth in its Privacy Notice, its Privacy Principles, its Privacy Notice for California Residents and as published on its website.

80. The nature of Defendant's implied promise itself—the subject matter of the contractual provision at issue—was to protect Plaintiff's and Class Members' personal information in order to prevent harm and prevent present and continuing increased risk from unauthorized or illegal access, destruction, use, modification, disclosure, exfiltration or theft.

81. Defendant breached its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was accessed between November 13, 2025 and November 21, 2025, and exfiltrated, by at least one unauthorized third party.

82. Plaintiff and Class Members were harmed by Defendant's breach of its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was accessed between November 13, 2025 and November 21, 2025, and exfiltrated by at least one unauthorized third party, causing Plaintiff and Class Members to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and Class Members to sustain nominal damages.

83. Defendant's breach of its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was accessed between November 13, 2025 and November 21, 2025, and exfiltrated by at least one unauthorized third party was a substantial factor in causing Plaintiff and Class Members to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and Class Members to sustain nominal

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

damages.

84. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and the proposed Class the following relief against Defendant, and each of them:

**As for the First Claim for Relief**

1. For injunctive or declaratory relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B);

**As for the Second Claim for Relief**

2. For damages according to proof to Plaintiff individually and to each member of the Class and the Class pursuant to Cal. Civil Code section 1798.84(b);

3. For injunctive relief pursuant to Cal. Civil Code section 1798.84(e);

**As for the Third Claim for Relief**

4. For injunctive relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code;

5. For injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized or illegal access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the Class, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Class in its possession;

6. For injunctive relief in the form of an order enjoining Defendant

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

from disclosing the personal information of Plaintiff and the Class without the prior written authorization of each Plaintiff and Class Member;

**As for the Fourth Claim for Relief**

7. For damages according to proof to Plaintiff individually and to each member of the Class and the Class;

**As for the Fifth Claim for Relief**

8. For damages according to proof to Plaintiff individually and to each member of the Class and the Class;

**As to All Causes of Action**

9. That the Court issue an Order certifying this action be certified as a class action on behalf of the proposed Class, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class;

10. For an award of attorneys' fees as authorized by statute, including, but not limited to, the provisions of Cal. Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

11. For costs of the suit;

12. For prejudgment interest at the legal rate; and

13. Any such further relief as this Court deems necessary, just, and proper.

Dated: February 26, 2026

KEEGAN & BAKER, LLP

By: s/ *Patrick N. Keegan*
Patrick N. Keegan
Attorneys for Plaintiff John Doe, on behalf of himself and all others similarly situated

KEEGAN & BAKER, LLP
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: February 26, 2026

KEEGAN & BAKER, LLP

By: s/ *Patrick N. Keegan*
Patrick N. Keegan
Attorneys for Plaintiff John Doe, on behalf of himself and all others similarly situated